UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN HAMLETT,

                          Plaintiff,

             -against-

LEGAL AID SOCIETY, ET AL.,

                          Defendants.

23-CV-6737 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Charlotte Correctional Institution in Punta Gorda, Florida, brings this *pro se* action against the Legal Aid Society and two of its attorneys, pursuant to 42 U.S.C. § 1983. By order dated October 18, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP")*.* The Court vacates that order, because Plaintiff is barred from filing any new IFP action while a prisoner under the "three strikes" provision of 28 U.S.C. § 1915(g). *See Hamlet v. Joseph*, No. 16-CV-1038, ECF No. 4 (M.D. Fla. Sept. 30, 2016) (collecting cases).[1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The United States District Court for the Eastern District of New York also determined that Plaintiff is barred under Section 1915(g). *Hamlett v. City of New York*, No. 23-CV-8187, 2023 WL 9119559, at *1 (E.D.N.Y. Dec. 18, 2023) (denying Plaintiff leave to proceed IFP under Section 1915(g)).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that due to attorney misconduct, he never received settlement checks from two class-action lawsuits to which he was entitled. Plaintiff is therefore barred from filing this action IFP.

### CONCLUSION

The October 18, 2023 order granting Plaintiff IFP is vacated. (ECF 4.) The complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    September 17, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge